UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KELLY ANTHONY HRENAK,

    Plaintiff,

  v.                                    Case No. 09-C-1102

MATTHEW J. FRANK, et al.,

    Defendants.

**ORDER**

Plaintiff Kelly A. Hrenak is incarcerated at Gordon Correction Center and proceeds pro se in this civil rights action brought under 42 U.S.C. § 1983. I screened plaintiff's original complaint and found it to be deficient in several respects. I afforded plaintiff the opportunity to file an amended complaint and he did so on February 23, 2010. I now examine Hrenak's amended complaint, which names 61 defendants and spans 200 paragraphs. Most of the allegations in the amended complaint concern the medical care Hrenak has received over five and a half years at five different Wisconsin prisons.

Hrenak is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), under the controlling principle of Rule 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging fee payment or three strikes provisions of the Prison Litigation Reform Act. *Id*. at 607. Specifically, Rule 18(a) provides that "[a] party asserting a

claim, counter-claim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

In *George*, the Seventh Circuit also reminded district courts that Rule 20 applies as much to prisoner cases as it does to any other case. *Id*. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." The Court noted "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions" would be rejected if filed by a free person and should also be rejected if filed by a prisoner. *George*, 507 F.3d at 607.

I find that Hrenak's "blunderbuss" complaint violates Rules 18 and 20 insofar as it advances unrelated claims against 61 defendants at five separate prisons over a period of five and a half years. This is just the sort of "buckshot complaint" that the *George* court instructed should be "rejected." *Id*. I will strike the amended complaint Hrenak filed on February 23, 2010.

**THEREFORE, IT IS ORDERED** that the amended complaint [Doc. # 9] is **STRICKEN**.

**IT IS ORDERED, HOWEVER**, that plaintiff may file one final amended complaint in this action by March 31, 2010. If the plaintiff's second amended complaint does not comply with *George*, Rules 18 and 20, or this Order, I will dismiss this action with prejudice. Likewise, if the plaintiff fails to file a second amended complaint on or before March 31, 2010, I will dismiss this action with prejudice, pursuant to Civil L.R. 41(c), for lack of diligence.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this   1st   day of March, 2010.

                                             s/ William C. Griesbach
                                             WILLIAM C. GRIESBACH
                                             United States District Judge